E. F. W. Meier, Respondent, v. J. H. Lowry *et al.*, Appellants.

### St. Louis Court of Appeals, January 17, 1888.

Practice—Affirmance for Failure to Prosecute.—An affidavit intended to show cause against an affirmance for failure to prosecute the appeal, which states that "due and great diligence was used," without setting forth any facts constituting such diligence, presents no sufficient cause against the affirmance.

Appeal from the Louisiana Court of Common Pleas, Hon. Thomas H. Bacon, Judge.

*Affirmed.*

Champ. Clark, for the appellants.

Reynolds & Lewis, for the respondent.

Rombauer, J., delivered the opinion of the court.

It appears by a motion filed in this case, and by an affidavit of the clerk of the Louisiana court of common pleas filed in support thereof, that the plaintiff recovered judgment in said court on the twenty-second day of April, 1887, and the defendants took an appeal from said judgment to this court on the same day.

It further appears that the bill of exceptions was filed therein July 30, 1887, and that no transcript of the record was ever ordered from the clerk.

The only reason assigned as good cause for the delay, by counter-affidavit of one of defendants' attorneys, is, that a deed of assignment used in evidence on the trial of the case had been mislaid, without any fault of the defendants or their attorneys, and was not found until

October 15, 1887, *although due and great diligence was used to find the same.* Plaintiff moves to affirm the judgment.

The motion to affirm was not filed until November 4, 1887, and although more than two months have elapsed since then, no reason is given why no transcript was ever filed in the clerk's office of this court, or produced for our inspection. While the production of the copy of a transcript is in itself no good cause for denying a motion to affirm, under rule 19 of this court, the production of such transcript when it is in the power of the party to produce it, and an offer to file it, if permitted, is the least that can be required, as evidence of the appellant's good faith in prosecuting his appeal.

But beyond this, the affidavit filed in opposition to the motion shows no diligence. A mere averment of *great and due diligence* is a conclusion of law and not sufficient. It is for this court and not for the affiant to determine whether certain facts constitute great diligence.

Judgment affirmed. All the judges concur.